IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10300
Summary Calendar
_____


GLENN G. LATHAM,

                                              Plaintiff,

STEVE L. HURT,

                                         Movant-Appellant,

                         versus

KENNETH S. APFEL, Commissioner of
Social Security,

                                       Defendant-Appellee.
_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 5:93-CV-112
_____
October 23, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Steve L. Hurt, counsel for Glenn G. Latham, argues that the
district court erred in determining that it did not have
jurisdiction to determine and allow him reasonable attorney's fees
under the Social Security Act for his representation of Latham
before the courts.  The Commissioner agrees that the district court
had jurisdiction to determine the attorney's fees due and does not

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

object to the amount of fees requested by Hurt.  Latham does not deny that Hurt is entitled to the fees requested.

We have reviewed the record and the briefs of the parties and find that the district court erred in refusing to determine and allow Hurt attorney's fees in accordance with 42 U.S.C. § 406(b)(1).  The determination of the amount of the fees must be made prior to Hurt taking any action to collect the sums due to him. See § 406(b)(2).

The district court's denial without prejudice of Hurt's motion for a determination and allowance of attorney's fees under the Social Security Act is VACATED and the case is REMANDED to the district court for a determination of the attorney's fees due to Hurt under § 406(b)(1).

VACATED and REMANDED.